IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00904–EWN–BNB

DOUGLAS L. PINTAR,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY, a foreign corporation,

    Defendant.

---

## ORDER CONCERNING PENDING MOTIONS

---

    On August 4, 2005, this court filed and Order and Memorandum of Decision, remanding the case to Defendant for additional proceedings and directing the clerk to close the case in this court. It was surely implicit in the Order and Memorandum of Decision that the case could be re-opened if Plaintiff were dissatisfied with the result of the remand. The failure to make the point explicit, however, has spawned a welter of procedural sparring. First, Plaintiff requested entry of judgment. Finding that Plaintiff was entitled to some form of judgment in the event he wished to appeal but that the form of his proposed judgment did not reflect what the court had prescribed in the Order and Memorandum of Decision, the court entered its own Final Judgment. Still dissatisfied, Plaintiff has filed a Motion to Alter or Amend Judgment (#78). Seizing upon the fact that he now has a judgment, however, he has also filed an Amended Motion for Attorney

Fees (#82). Upon consideration of this morass, the court retreats to what it did in *Rekstad v. First Bank System, Inc.*, Civil Action No. 97–CV–01315, since that action has thus far been approved by the Tenth Circuit. *See Rekstad v. First Bank System*, 238 F.3d 1259 (10th Cir. 2001).

### *Motion to Alter or Amend Judgment*

Although this motion recites that the parties could not reach agreement concerning its resolution, no response has been filed. The court finds that the motion is well-taken in one respect — the Order and Memorandum of Decision should have explicitly stated what the court's *Rekstad* decision stated, namely, that the clerk's closure of the file is "subject to a motion to re-open." Since it is an interlocutory order, no judgment pursuant to Fed. R. Civ. P. 58 will be entered at this time.

### *Amended Motion for Attorney Fees*

Since the Order and Memorandum of Decision is interlocutory, it cannot yet be said that Plaintiff is a "prevailing" party, nor can the extent of Plaintiff's success be finally measured. In addition, other factors used to determine the amount of attorney fees can more readily be ascertained later, rather than now. It is simply inefficient to consider some of the issues now and then revisit them after there is a determination of the issues remanded.

### *Order*

In accordance with the foregoing findings and conclusions, it is

**ORDERED** as follows:

1. The motion to alter the judgment (#78) is GRANTED in part and DENIED in part. The Final Judgment filed in this case on August 17, 2005 (#76), is hereby VACATED. The Order and Memorandum of Decision filed on August 4, 2005 is hereby clarified to reflect explicitly that the clerk closed the file, subject to a motion to re-open, if such a motion is necessary to obtain review of the issues remanded by this order or to resolve any issue concerning attorney fees.

2. The amended motion for attorney fees (#82) is DENIED without prejudice to renewal at a subsequent appropriate point in the proceedings.

Dated this 12th day of October, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge